UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLUMBERS LOCAL 98 DEFINED
BENEFIT FUND, et al.

    Plaintiffs,

v.                                                            Case No. 06-12005
                                                             Hon. Sean F. Cox

WOLF MECHANICAL, INC., et al.

    Defendants.
_____

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for summary judgment. Both parties have fully briefed the issues. The Court declines to hear oral argument pursuant to E.D.Mich. LR 7.1. For the following reasons, the Court **GRANTS** Plaintiffs' Motion for summary judgment as to the issue of liability only. The Court will not rule at this time on the issue of damages. As requested by the parties, the issue of damages will be addressed at the settlement conference scheduled for **July 12, 2007.** Defendants Rodney Wolf and Dawn Valasin, as well as the appointed trustee for Plaintiffs, must be present at the settlement conference.

### I.   BACKGROUND

This action arises out of a failure to pay fringe benefit contributions owing under a collective bargaining agreement ("CBA"). Plaintiffs are union trust funds for Local 98. Defendants are Wolf Mechanical, Inc., Wolf Plumbing, Inc., Dawn Valasis, and Rodney Wolf -

1

the sole owner of Wolf Mechanical and Wolf Plumbing.

Plaintiffs claim that two audits were performed covering the time periods of October 1999 through December 2004, and January 2005 through June 2006. As a result of these audits, Plaintiffs alleged Defendants owed $285,056.68 in unpaid fringe benefit contributions and liquidated damages, pursuant to the CBA. Plaintiffs assert that $17,811.19 of the unpaid benefits were personally guaranteed by Rodney Wolf under a payment agreement with Plaintiffs. Defendants do not deny that some contributions are owed, but dispute the amount asserted by Plaintiffs. Plaintiffs have subsequently reviewed Defendants' records and agree that the amount they alleged as owed is over by approximately $100,000.00.

On May 1, 2006, Plaintiffs filed a Complaint. The Plaintiffs filed a Second Amended Complaint on February 27, 2007 alleging: (1) breach of contract against Defendants Wolf Mechanical and Rodney Wolf; (2) breach of fiduciary duty against Rodney Wolf; (3) breach of payment agreement against Defendants Wolf Mechanical and Rodney Wolf; (4) personal liability against Rodney Wolf; (5) breach of contract against Wolf Plumbing, Inc., as an alter ego or successor to Defendant Wolf Mechanical, Inc.; and (6) withdrawal liability against Defendants Wolf Mechanical, Rodney Wolf, Wolf Plumbing, and Dawn Valasin. Plaintiffs filed the instant Motion for summary judgment on March 28, 2007.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995).

2

A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## IV.  ANALYSIS

### A.  Is There an Issue of Fact on the Amount of Contributions Owed?

The parties dispute the amount of contributions owed, but Defendants do not deny that some contributions are owed.

Plaintiffs submitted the results of two audits, performed by Danette Bridges. Bridges compared the "contribution reports" to the "company payroll records" to determine the amount of hours under or over paid. [Motion, Exhibit D]. Bridges multiplied the hours underpaid by the hourly contribution rate for the particular employee and determined the amount of contributions owed. She then added in liquidated damages as contemplated by the CBA. On the basis of the audits, and after adjusting for contribution payments not originally factored in to their request, Plaintiff's sought entry of a judgment in the amount of $285,056.68. Defendants contended the audit methodology was faulty and did not compare the proper hours. Plaintiffs now concede their audit was off by approximately $100,000.00. [Doc. 65].

The parties agree that Defendants owe unpaid benefit contributions. The precise amount owed is in dispute.

Accordingly, the Court grants summary judgment as to the issue of liability only. The amount of contributions owed remains disputed. The parties are scheduled to appear at a settlement conference to address the discrepancy.

### B.  Is Rodney Wolf Personally Liable?

Plaintiffs offer two theories of personal liability against Defendant Rodney Wolf. First, Plaintiffs contend that he was a fiduciary and that he breached his fiduciary obligations. Second, Plaintiffs argue that the court should "pierce the corporate veil" because Wolf did not maintain any corporate formalities with respect to Wolf Mechanical.

#### 1.  Did Rodney Wolf breach a fiduciary duty?

Plaintiffs argue that Rodney Wolf was a fiduciary and that he breached his fiduciary duties to the plan by not making contributions. Plaintiffs rely on 29 U.S.C. § 1002(21)(A):

> ...a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets * * * (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

Plaintiffs direct the court to Rodney Wolf's deposition testimony. [Motion, Exhibit B]. Wolf testified that he "ran everything" for Wolf Mechanical. *Id*. at 9. He stated that he was in charge of directing the order that bills were paid. *Id*. at 13. Wolf further testified that he understood Wolf Mechanical was obligated to pay contributions on behalf of its employees, but the payments were not always timely made. *Id*. at 14. Wolf acknowledges that he was the individual in charge of determining whether the contributions would be paid. See Doc. 52 and 68, ¶8. It is undisputed that Defendants owe unpaid fringe benefit contributions. Defendants did not respond to this argument, and thus, do not offer any argument or direct the court to any

4

evidence indicating that Rodney Wolf is not a fiduciary; and/or did not breach his fiduciary duties.

"The term 'fiduciary' not only includes persons specifically named as fiduciaries by a benefit plan, 'but also anyone else who exercises discretionary control or authority over the plan's management, administration, or assets.'" *Michigan Affiliated Healthcare System, Inc. v. CC Systems Corporation of Michigan*, 139 F.3d 546, 549 (6th Cir. 1998). Similar to the holdings by other members of this court, unpaid fringe benefit contributions become plan assets when they become due. *Id*.; *Trustees of the Michigan Regional Counsel of Carpenters, Employee Benefit Funds, et al. v. Accura Concrete Walls, Inc.,* 408 F.Supp.2d 370 (E.D.Mich. 2005); and *Operating Engineers' Local 324 Fringe Benefit Funds v. Nicolas Equipment, LLC*, 353 F.Supp.2d 851, 854 (E.D.Mich. 2004)(citing authority). In order to determine whether Rodney Wolf is a fiduciary, the court must determine whether he exercised discretionary control or authority over plan assets. *Iron Workers' Local No. 25 Pension Fund v. McGuire Steel Erection, Inc*., 352 F.Supp.2d 794, 804 (E.D.Mich. 2004).

It is undisputed that Rodney Wolf exercised discretionary control and authority over the plan assets. Wolf admits that he "ran everything" for Wolf Mechanical, including deciding if contributions were paid. [Motion, Exhibit B]. Defendants do not challenge Plaintiffs assertion that Wolf Mechanical continued to operate despite monthly shortfalls in benefit contributions. Similar to the holding in *Iron Workers'*, this leads to the "inescapable and unrebutted conclusion that the company was being financed with plan assets." *Iron Workers'*, 352 F.Supp.2d at 806. Accordingly, Defendants have failed to raise a genuine issue of material fact and Plaintiffs are entitled to summary judgment with respect to Defendant Rodney Wolf's breach of fiduciary

duty.

Because this finding imposes personal liability against Rodney Wolf, pursuant to 29 U.S.C. § 1109(a), the court does not reach Plaintiffs' additional argument that personal liability is warranted under the "piercing the corporate veil" doctrine.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for summary judgment as to the issue of liability only.  The Court will not rule at this time on the issue of damages.  As requested by the parties, the issue of damages will be addressed at the settlement conference scheduled for **July 12, 2007.**  Defendants Rodney Wolf and Dawn Valasin, as well as the appointed trustee for Plaintiffs, must be present at the settlement conference.

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated:  June 25, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on June 25, 2007, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**