UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLUMBERS LOCAL 98 DEFINED
BENEFIT FUND, et al.

      Plaintiffs,

v.                                                       Case No. 06-12005
                                                            Hon. Sean F. Cox

WOLF MECHANICAL, INC., et al.

      Defendants.
_____

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment and Defendants Wolf Plumbing, Inc, and Dawn Valasin's Motion to Dismiss. Both parties have briefed the issues. The Court declines to hear oral argument pursuant to E.D.Mich. LR 7.1. For the following reasons, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment on the issue of whether Wolf Plumbing, Inc., is an alter ego of Wolf Mechanical, Inc.; and **DENIES** Defendants' Motion to dismiss.

**I.    BACKGROUND**

This action arises out of a failure to pay fringe benefit contributions in accordance with a collective bargaining agreement ("CBA"). On May 1, 2006, Plaintiffs, a group of trust funds that administers employee benefits, brought suit against Defendants Wolf Mechanical, Inc., and Wolf Mechanical's owner, Rodney Wolf ("Wolf"), for unpaid benefit contributions.

On February 27, 2007, Plaintiffs filed a Second Amended Complaint adding Defendants

1

Wolf Plumbing, Inc., and Dawn Valasin. In addition to allegations of unpaid benefit contributions, Plaintiffs alleged that Defendants were liable for withdrawal liability for terminating their contract with the union. On March 28, 2007, Plaintiffs filed a motion for summary judgment. This Court entered an Order on June 25, 2007, granting Plaintiffs' motion on the issue of liability limited only to the claim for unpaid benefit contributions against Wolf Mechanical, Inc., and Defendant Rodney Wolf. Plaintiffs' claims for withdrawal liability, and liability of Wolf Plumbing and Dawn Valasin, remained.

On July 6, 2007, the parties filed the instant Motions. Plaintiffs' Motion for partial summary judgment sought a ruling that Wolf Plumbing is the alter ego / successor in liability of Wolf Mechanical; and that Wolf Plumbing and Dawn Valasin are liable for the withdrawal liability assessed against Wolf Mechanical. Defendants filed a Motion to dismiss, arguing that the withdrawal liability issue must be arbitrated pursuant to the Multiemployer Pension Plan Amendments Act ("MPPAA").

On September 4, 2007, the parties filed a stipulation dismissing the claim for withdrawal liability against Wolf Plumbing and Dawn Valasin, and dismissing Dawn Valasin as a party. On September 5, 2007, after dismissal of the withdrawal liability claim, the parties filed Responses to the respective motions. The only remaining issue in Plaintiffs' Motion for Partial Summary Judgment is whether Wolf Plumbing is the alter ego of Wolf Mechanical, and thereby liable for the unpaid contributions owed by Wolf Mechanical. With respect to Defendants' Motion to dismiss, Plaintiffs argued it was moot because the withdrawal liability claims were dismissed. However, in their Reply, rather than dismissing the Motion, Defendants argued for the first time that the claim for unpaid benefit contributions must be arbitrated. Defendants rely on the

arbitration provisions in the contract between Wolf Mechanical and Plumbers Local 98 Union.

The parties stipulated to Plaintiffs filing a sur-reply. In their sur-reply, Plaintiffs argue that Defendants are attempting to "bootstrap" dismissal of Plaintiffs' claims for unpaid contributions to the dismissal of the withdrawal liability claims.

## II. STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted). The plaintiff is not required to provide detailed factual allegations, but must "provide the grounds of his entitlement to relief" by offering more than "labels and conclusions." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Id*. at 1965. The plaintiff is required to plead enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate

principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## III.    ANALYSIS

### A.    Motion to Dismiss

The issue for resolution in Defendants' Motion to dismiss is whether this Court may rule on the alter ego status of Wolf Plumbing, or whether that determination must be sent to arbitration in accordance with the CBA between Plumbers Local 98 Union and Wolf Mechanical.

As the Plaintiffs point out, the United States Supreme Court case *Schneider Moving & Storage Company v. Robbins*, 466 U.S. 364 (1984), is dispositive of this issue. The *Schneider* Court held that trustees of multi-employer trust funds are not automatically bound by the arbitration provisions of the CBA. In *Schneider*, the defendant argued that since the trustees were third-party beneficiaries of the CBA, they should also be bound to the arbitration clause therein. The Court disagreed, and viewed the question as "whether the parties to the agreements at issue...intended to condition the trustees' contractual right to seek judicial enforcement of the trust agreements on exhaustion of the arbitration procedures set forth in the collective-bargaining agreements." *Id.* at 371. The Court went on to find that the presumption of arbitrability usually attendant to labor disputes did not apply to disputes between trustees and employers. The Court held "[w]ithout the presumption of arbitrability, the agreements at issue here evidence no intent on the part of the parties to require arbitration of disputes between the trustees and the

4

employers...[n]either the terms of the trust agreements nor those of the collective-bargaining agreements contain any such requirement, and the circumstances surrounding the execution of each suggest that none should be inferred." *Id.* at 372-373.

The Sixth Circuit summarized the holding in *Schneider* as follows:

> In *Schneider*, the trustees of an employees' benefit trust fund brought suit against two companies who were parties to a multi-employer trust fund and who had not made the contributions to the fund as required by the trust agreement, as incorporated into the terms of the applicable collective bargaining agreement. The union was not involved in the case. The Supreme Court rejected the presumption of arbitrability because nothing in the trust agreement of the collective bargaining agreements evidenced an intent by the parties to require exhaustion of the arbitration remedies set out in the collective bargaining agreements.

*The Cleveland Electric Illuminating Company v. Utility Workers Union of America*, 440 F.3d 809, 816 (6th Cir. 2006). The *Cleveland Electric* court distinguished its case from *Schneider* on the basis that in its case, it was the union bringing the action, not the trustees.

Defendants fail to identify how the collective bargaining agreement or trust agreements evidence an intent for trustee actions to be subject to arbitration. Accordingly, Defendants' Motion to dismiss is denied.

      **B.**     **Motion for Partial Summary Judgment**

Plaintiffs remaining claim in their Motion for partial summary judgment is for a ruling that Wolf Plumbing is an alter ego / successor in liability of Wolf Mechanical, and as such is liable for the unpaid contributions owed by Wolf Mechanical.

"The alter ego doctrine is commonly used in labor cases to bind a new employer that continues the operations of an old employer in those cases where the new employer is 'merely a disguised continuance of the old employer.'" *Wilson v. International Brotherhood of Teamsters,*

*Chauffeurs, Warehouseman and Helpers of America*, 83 F.3d 747, 759 (6th Cir. 1996)(citation omitted). The factors to be considered in determining alter ego status are "substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership." *Id.* "No one factor is dispositive in determining whether the corporate form should be disregarded in a particular case." *Id.* Whether a corporation is an alter ego is a question of fact. *Id.*

Plaintiffs argue that Wolf Plumbing ("Plumbing") is an alter ego of Wolf Mechanical ("Mechanical"). Plaintiffs argue that the only difference between the two corporations is that Wolf is listed as the sole owner and principal of Mechanical, and Dawn Valasin ("Valasin") - his live-in girlfriend - is listed as the sole owner and principal of Plumbing. Mechanical stopped operating in June 2006, and Plumbing started operating in July 2006. [Plaintiffs' Exhibit A, p.10; and C, p.33]. Further, Wolf and Valasin did not miss a paycheck, and were paid the same rate of compensation from Plumbing immediately following the cease in operations of Mechanical. [Plaintiffs' Exhibit C, p.23]. Plumbing has also paid over $170,000 in debts on behalf of Mechanical. [Plaintiffs' Exhibit E]. Several employees of Plumbing were employed by Mechanical. [Plaintiffs' Exhibit A, pp.48-49]. Plumbing also uses the same equipment and vehicles as Mechanical. [Plaintiffs' Exhibit C, pp.39-43]. Wolf testified that he does some estimating for Plumbing, and that he occasionally answers questions about the management of Plumbing. [Plaintiffs' Exhibit A, pp. 53-54].

Defendants argue that Valasin created Plumbing independently to "provide security for her family" after she noticed Mechanical was having financial difficulties. Plumbing was incorporated in May 2005. Defendants assert that with one exception, Plumbing has not taken

6

any jobs formerly worked on by Mechanical. [Defendants' Exhibit 2]. Valasin testified that a purchase agreement for the equipment and vehicles Plumbing obtained from Mechanical is "being worked on." [Plaintiffs' Exhibit C, pp.43-44]. However, she did not know what the purchase price would be and stated that it was her understanding that Mechanical was putting it together. [Plaintiffs' Exhibit C, p.41]. The majority of Plumbing employees did not previously work at Mechanical. [Defendants' Exhibit 3]. Dawn Valasin testified that at Mechanical, Wolf did most of the contracts and estimating. [Plaintiffs' Exhibit C, p.15]. At Plumbing, Valasin testified that although she asks Wolf his advice and takes his input, she is the one who prepares the proposals. [Plaintiffs' Exhibit C, pp.34-35].

It is undisputed that Plumbing and Mechanical perform the same work. Further, Wolf is the master plumber for both Mechanical and Plumbing. The companies use the same equipment, but according to Defendants, a purchase agreement is forthcoming. Wolf is also still in volved in the management and operation of Plumbing because Valasin seeks his advice and takes his input. Wolf also testified that he does some estimating for Plumbing.

Looking at the factors the Court is to consider, Defendant fails to raise a genuine issue of material fact regarding whether Wolf Plumbing is an alter ego of Wolf Mechanical. The companies have a substantially identical business purpose and use the identical equipment. Thus far, Mechanical has not been paid for Plumbing's use of its equipment. Although Defendants contend a purchase agreement is being worked on for the equipment, they could not offer any details. In addition, Plumbing employs several former Mechanical employees. One of the former employees of Mechanical employed by Plumbing is Wolf. Wolf and Valasin are paid the same compensation they received at Mechanical, and did not miss a paycheck. Further,

7

Plumbing has paid a significant amount of money towards debts of Mechanical, which Defendants claim will be deducted from the purchase price of the equipment. There is also the fact that both corporations bear the name Wolf, allowing Wolf Plumbing to retain and capitalize on the good-will of Wolf Mechanical.

In order to demonstrate that Mechanical and Plumbing are distinct corporations, Defendants point out that with one exception, Plumbing and Mechanical do not have the same customers. Defendants also point out that Plumbing and Mechanical do not have identical ownership.[1] Additionally, Defendants contend that contrary to Valasin's role at Mechanical, at Plumbing she handles the proposals. However, she also testified that she gets advice from Wolf and takes his input. Further, Wolf testified that he does some estimating for Plumbing. Valasin also testified that she does the same administrative work for Plumbing that she did for Mechanical. [Defendants' Exhibit 1, p.44].

Taking the factors and circumstances together, even in a light most favorable to Defendant, there is no question of fact as to whether Wolf Plumbing continued the operations of Wolf Mechanical. The business purpose is the same, under a similar name, using the same equipment, several of the same employees - and despite being incorporated previously, did not begin operating until Mechanical stopped. Further, Wolf is the master plumber for both entities and he and Valasin did not miss a paycheck when Mechanical ceased operations. Based on these considerations, it is clear that Wolf Plumbing is a disguised attempt to continue the operations of

---

[1]Defendants make much of the fact that Wolf Mechanical and Wolf Plumbing do not have common owners, directing the court to a non-binding decision of the National Labor Relations Board. *U.S. Reinforcing, Inc*., 350 NLRB No. 41 (2007). However, the Sixth Circuit has held that "common ownership or an intent to evade federal labor law obligations are not necessary prerequisites to a finding of alter ego status." *Wilson*, 83 F.3d at 759.

Wolf Mechanical - and thus, is treated as an alter ego. Plaintiff is entitled to seek the unpaid contributions deemed owing by Wolf Mechanical from Wolf Plumbing.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment on the issue of whether Wolf Plumbing, Inc., is an alter ego of Wolf Mechanical, Inc.; and **DENIES** Defendants' Motion to dismiss.

**IT IS SO ORDERED.**

<u>s/Sean F. Cox</u>
**Sean F. Cox**
**United States District Judge**

**Dated: December 10, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on December 10, 2007, by electronic and/or ordinary mail.**

<u>s/Jennifer Hernandez</u>
**Case Manager**